IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SECURITIES & EXCHANGE
COMMISSION,

    Plaintiff,

v.

ONE EQUITY CORPORATION, et al.

    Defendants.

Case No. 2:08-cv-667
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE MARK R. ABEL

**OPINION AND ORDER**

This matter is before the Court on the following motions: Receiver Frederick L. Ransier's Motion for Declaration that Spartan Marketing Limited is Barred from Pursuing Claims Against the Receivership Estates (D.E. 140) ("Bar Claims Mot."); Interested Party Spartan Marketing Limited's Motion for Consideration of Prior Court Filings as Informal Proof of Claim (D.E. 145) ("Informal Proof of Claim Mot."); and Interested Party Spartan Marketing Limited's Renewed Motion to Lift Receivership Stay as to Spartan Marketing Limited (D.E. 146) ("Lift Stay Mot."). These motions have been fully briefed and are now ripe for disposition. For the following reasons, Receiver Frederick L. Ransier's Motion to Exclude Motion of Court Appointed Receiver for Declaration that Spartan Marketing Limited is Barred from Pursuing Claims Against the Receivership Estates (D.E. 140) is denied; Interested Party Spartan Marketing Limited's Motion for Consideration of Prior Court Filings as Informal Proof of Claim (D.E. 145) is granted; and Interested Party Spartan Marketing Limited's Renewed Motion to Lift Receivership Stay as to Spartan Marketing Limited (D.E. 146) is granted in part.

### I. Background

On July 10, 2008, the Securities and Exchange Commission ("SEC") initiated this action against various individuals and corporate entities. Among the corporate entities named as defendants are One Equity Corporation and Triangle Equities Group, Inc. ("the One Equity

Companies").[1] The complaint alleges that the defendants operated a stock-based loan program which they used to defraud approximately 125 borrowers out of millions of dollars. (Compl. ¶ 1.) Specifically, the complaint alleges that as part of the fraudulent scheme, the defendants induced borrowers to transfer publicly traded stock shares to them as collateral for a non-recourse loan of up to 85% of the value of the stock. (Compl. ¶ 1.) According to the complaint, the defendants falsely promised to return the shares to the borrowers upon repayment of the loans. (Compl. ¶ 1.) Instead, the complaint alleges, the defendants sold the stock that the borrowers transferred to them, and then used the proceeds to fund each loan and to pay expenses but did not set aside cash reserves that would enable them to repurchase the stock and return the shares to borrowers who repaid their loans. (Compl. ¶ 1.) The complaint also alleges that the defendants retained substantial proceeds from the sale of the stocks even after funding each loan because the loans were typically funded at between 10% and 50% less than the market value of the shares transferred. (Compl. ¶ 1.)

By order dated July 17, 2008, the Court appointed Frederick L. Ransier as Receiver for the estates of, inter alia, the one Equity Companies. (Order Appointing Receiver, July 17, 2008, D.E. 14. ("Order App'tg. Recr.")) In the same order, the Court authorized the Receiver to "pursue, resist, and defend all suits which may now be pending or which may be brought by or asserted against the Receiver Estates." (Order App'tg. Recr.) Pending at the time of the July 17, 2008 order was an action initiated in a California state court by One Equity Corporation against Spartan Marketing, Limited ("Spartan").[2] (Order App'tg. Recr.) In that action, Spartan had asserted a counterclaim against One Equity. This Court's July 17, 2008 order stayed that action. (Order App'tg. Recr.)

---

[1] Also named as corporate defendants are Victory Management Group, Inc. and Dafcan Finance, Inc. The individual defendants are Michael S. Spillan and Melissa K. Spillan. These defendants are not parties to the motions currently under the Court's consideration.

[2] *One Equity Corporation v. Spartan Marketing, Ltd., et al.,* pending in the Superior Court of the State of California, County of Los Angeles, West District, No. SC 094111.

2

Thereafter, the Receiver moved this Court to appoint counsel to continue prosecution of One Equity Corporation's complaint against Spartan Marketing in the California case. The Court granted that motion on October 21, 2008. (Order Approving Appl. by Receiver to Employ Cochran, Davis & Associates, P.C., as Special Counsel, October 21, 2008, D.E. 53).[3]

Spartan Marketing then filed a motion with this Court requesting a lift of the receivership stay to enable Spartan to pursue its counterclaims in the California action at the same time that the Receiver pursued the One Equity Companies Receivership Estate claims against Spartan. (Motion of Spartan Marketing Limited to Lift the Receivership Stay, January 7, 2009, D.E. 63). In its motion, Spartan asserted that its counterclaims against the One Equity Companies arose from two non-recourse loan agreements—one reached on or about January 3, 2007, and one reached on or about January 26, 2007—involving the transfer of shares of publicly-traded stock from Spartan to One Equity as collateral for a loan of 85% of the total worth of the shares. In its counterclaim in the California action, Spartan asserted causes of action based in contract, as well as claims for fraud; negligent misrepresentation; violation of California Corporations Code § 25401, by making untrue statements or omissions in connection with the purchase or sale of a security; unjust enrichment; violation of California Business and Professions Code §§ 17200 et seq., by engaging in an unlawful or unfair or fraudulent business act or practice; and promissory estoppel. In its motion, Spartan represented to this Court that its purpose in requesting a lift of the stay was to liquidate its claims against the One Equity Receivership Estate in the California action and to proceed with collecting on the judgment (if it prevails on its claims) only at such time as the other creditors of the One Equity Receivership Estate seek distribution in this action.

In orders entered on February 17 and 19, 2009, the Court granted in part and denied in part, without prejudice, Spartan's motion to lift the stay. (Order, February 17, 2009, D.E. 71; Order, February 19, 2009, D.E. 72). Specifically, the Court lifted the stay with respect to

---

[3] The Order was docketed on October 22, 2008.

3

Spartan's contract claims against One Equity involving the second loan agreement (that is, the agreement reached on or about January 26, 2007) and any claims pending by or against other parties not subject to the Receivership appointment, but declined at that time to lift the stay with respect to Spartan's fraud claims against the One Equity Receivership Estate. (Order, February 17, 2009, D.E. 71; Order, February 19, 2009, D.E. 72).

Subsequently, upon receipt of the Receiver's Fifth Report and Application to Establish Proof of Claims Notice and Procedure (D.E. 105), this Court entered an order establishing March 10, 2010 as the bar date for delivering claims to the Receiver. (Order Approving Fifth Report of Court Appointed Receiver and Appl. to Establish Proof of Claims Notice and Procedure, January 8, 2010, D.E. 106). The Court's order stated that "any holder of a claim against the receivership estate who fails to timely deliver that holder's proof of claim upon the Receiver shall be barred from asserting such a claim and participating in any distribution in this receivership case on account of such claim." (Order Approving Fifth Report of Court Appointed Receiver and Appl. to Establish Proof of Claims Notice and Procedure, January 8, 2010, D.E. 106). (*Id.*)

Pursuant to the Court's order, the Receiver sent the Notice of Bar Date to File Claim and a Proof of Claim Form, among other items, to counsel for Spartan; published the Notice of Bar Date in the "Legal Monday" section of USA Today on February 1, 2010; and published a notice on the SEC's website reporting updates for the litigation in this Court. (Receiver's Sixth Report and Appl. to Establish Proof of Claims Notice and Procedure, D.E. 113). Spartan did not return a Proof of Claim form. (Aff. of Brenda Bowers, September 9, 2010 ¶ 8, attached to Mot. of Court Appointed Receiver for Decl. that Spartan Marketing Ltd. is Barred from Pursuing Claims Against Receivership Estates, D.E. 140).

Meanwhile, in the California action, that court, upon motion by the Receiver, dismissed Spartan's contract-based claims against the One Equity Companies but left intact Spartan's

4

fraud-based claims.[4] (Renewed Mot. of Spartan Marketing Ltd. to Lift Receivership Stay, D.E. 146, at 9; Opp'n of Court Appointed Receiver to Renewed Mot. of Spartan Marketing Ltd. to Lift Receivership Stay, D.E. 158, at 6).

On September 9, 2010, the Receiver filed a motion requesting this Court to issue a declaration that Spartan is barred from pursuing claims against the receivership estates. (D.E. 140). Spartan filed a response in opposition (D.E. 144), to which the Receiver replied (D.E. 156). On October 1, 2010, Spartan filed two motions, one asking this Court to recognize its prior court filings as informal proof of claim against the receivership estates (D.E. 145), and the other asking this Court to grant a limited lift of the receivership stay to enable Spartan to pursue its claims against the One Equity Companies Receivership Estate in the California action (D.E. 146). The Receiver filed separate responses in opposition to each of Spartan's motions (D.E. 157 and D.E. 158), and Spartan then filed separate replies (D.E. 160 and D.E. 161). On November 2, 2010, this Court held a hearing on these motions. The Court now turns to consideration of the merits of these motions.

## II. Analysis

A. The Receiver's Motion for Declaration that Spartan is Barred from Pursuing Claims Against the Receivership Estate and Spartan's Motion for Consideration of Prior Court Filings as Informal Proof of Claim[5]

Subject to the dictates of due process, "[a] district court has broad powers and wide discretion in fashioning relief in an equity receivership proceeding." *Liberte Capital Grp., LLC v. Capwill*, 421 F.3d 377, 382 (6th Cir. 2005). The Receiver contends that, in the exercise of the Court's broad discretion, the Court should issue a declaration that Spartan is barred from

---

[4] The California court's ruling on Spartan's stayed claims was prompted by the Receiver's motion to dismiss.

[5] Because of the overlapping nature of the issues presented both in the Receiver's motion requesting a declaration that Spartan is barred from pursuing claims against the receivership estate and in Spartan's motion asking this Court to recognize its prior court filings as informal proof of claim against the receivership estate, the Court considers these motions together.

5

asserting affirmative claims or a defensive set-off in receivership. The Receiver also urges the Court to continue to stay Spartan's claims against the One Equity Companies in the California action. Spartan contends that it has the right to assert affirmative claims or a defensive set-off in receivership and believes that the stay of its claims against the One Equity Companies should be lifted.

### 1. Formal Proof of Claim

According to the Receiver, Spartan should not be allowed to assert any claims for relief against the One Equity Companies receivership entities because Spartan failed to file a formal proof of claim in receivership on or before the bar date, despite having received notice of the bar date. The Receiver states that, as a matter of law, a creditor that fails to file a proof of claim by the bar date is forever barred from asserting the claim, and the receivership is discharged from any liability. As support for this proposition, the receiver cites a number of unpublished cases from other districts and one unpublished case from the United States Court of Appeals for the Sixth Circuit. *See SEC v. Princeton Econ. Int'l Ltd.*, Nos. 99 Civ. 9667 (PKC), 99 Civ. 9669(PKC), 2008 WL 7826694, *4 (S.D.N.Y. Sept. 30, 2008) (order of court approving final distribution of receivership assets barred unfiled claims); *Commodity Futures Trading Comm'n v. Wall St. Underground, Inc.*, Case No. 03-2193-CM, 2007 WL 1531856, *4 (D. Kan. May 25, 2007) (same); *Clayton v. Heartland Res., Inc.*, Case No. 1:08-cv-94-M, 2009 U.S. Dist. LEXIS 107519, *22 (W.D. Ky. Nov. 17, 2009) (order appointing receiver and directing receiver to give notice of bar claims date stated that claims not filed by the date established would be barred); *United States v. Berthel SBIC, LLC*, Case No. 08-CV-151-LRR, 2009 U.S. Dist. LEXIS 58904, *4 (N.D. Iowa July 10, 2009) (order directing Receiver to give notice of bar claims date stated that claims not filed by the date established and in the form required would be barred); *Geig v. The March Co.*, No. 94-3105, 1995 WL 376717, *2 (6th Cir. June 22, 1995) (reversing district court's award of default judgment against defendants who did not answer complaint or make

6

appearance in action until default judgment was entered against them).[6]

These cases, however, simply do not stand for the broad proposition for which the Receiver invokes them. In *Princeton Economics* and *Wall Street Underground*, the courts declaring future claims barred did so in the context of orders approving final distribution of receivership assets. See *Princeton Econ.*, 2008 WL 7826694, *4; *Wall Street Underground*, 2007 WL 1531856, *4. Here, the receivership is not at the stage of final distribution. In *Clayton* and *Berthel*, the courts' orders stated that claims not filed by the bar date would be barred. At the stage of the proceedings at which the orders were issued, no claims had in fact been barred. See *Clayton*, 2009 U.S. Dist. LEXIS 107519, *22; *Berthel*, 2009 U.S. Dist. LEXIS 58904, *4. Moreover, none of the cases the Receiver cites involved circumstances in which the potential claimant against the receivership estate had been actively seeking to liquidate its claims in litigation initiated in another forum by the receivership entity before being placed in receivership. Thus, whether the courts issuing the orders in the cases cited by the Receiver would admit to no exception to their orders stating that untimely claims would be barred—irrespective of the equities—remains an open question.

2. Informal Proof of Claim

Spartan does not dispute that it failed to file a formal proof of claim. Rather, Spartan urges this Court to borrow principles from bankruptcy law and to consider Spartan's prior filings in both this action and in the California action as informal proof of its claim against the receivership estate. Spartan directs this Court's attention to *In re M.J. Waterman & Assoc., Inc.*, 227 F.3d 604 (6th Cir. 2000), in support of its view. This Court finds the Sixth Circuit's rationale in that case relevant to the issues presented in this action:

> The notion of informal proof of claims has been in existence for

---

[6] It is unclear why the Receiver cites *Geig*, which, as discussed below, supports Spartan's position that it should be permitted to liquidate its claims in the California action and, if it prevails, seek satisfaction of judgment in the receivership action.

7

> [approximately] a century. It permits a bankruptcy court to treat the pre-bar date filings of a creditor as an informal proof of claim which can be amended after the bar date so that it is in conformity with the requirements of Fed. R. Bankr.P. 3001(a).
> Creditors who have failed to adhere to the strict formalities of the Bankruptcy Code but who have taken some measures to protect their interests in the bankruptcy estate may be able to preserve those interests by showing that they have complied with the spirit of the rules.

*In re M.J. Waterman*, 227 F.3d at 608-09 (citing *Hutchison v. Otis*, 190 U.S. 552, 555 (1903); *J.B. Orcutt Co. v. Green*, 204 U.S. 96, 102 (1907) (internal citations omitted from quoted text)).

Further explaining the rationale for allowing informal proof of claims in a bankruptcy case, the Sixth Circuit stated:

> "The intent of the informal Proof of Claim concept is to alleviate problems with form over substance; that is, equitably preventing the potentially devastating effect of the failure of a creditor to formally comply with the requirements of the Code in the filing of a Proof of Claim, when, in fact, pleadings filed by the party asserting the claim during the claims filing period in a bankruptcy case puts all parties on sufficient notice that a claim is asserted by a particular creditor."

*Id.* at 609 (quoting *In re WPRV-TV, Inc.*, 102 B.R. 234, 238 (Bankr. E.D. Okla. 1989)). The determination of whether to allow an informal proof of claim is conferred to the equitable discretion of the bankruptcy court. *Id.* at 607. Given the similarly broad equitable discretion that district courts have in fashioning relief in a receivership proceeding, this Court concludes that whether or not to permit an informal proof of claim is a determination that falls well within that discretion. Spartan's argument that bankruptcy law offers a useful guide in this regard is therefore well-taken.

### a. *Validity of Informal Proof of Claim*

Four factors for determining the validity of the proposed claim, as adapted from the bankruptcy context for the present receivership context, must be met: (1) the proof of claim must be in writing; (2) the writing must contain a demand by the creditor on the receivership estate; (3) the writing must express an intent to present a claim in the receivership; and (4) the

8

proof of claim must be filed with the receivership court. *See Waterman*, at 609 (listing the following four factors in the bankruptcy context: "(1) the proof of claim must be in writing; (2) The writing must contain a demand by the creditor on the debtor's estate; (3) The writing must express an intent to hold the debtor liable for the debt; and (4) The proof of claim must be filed with the bankruptcy court"). If a filing meets the above considerations, the court may consider the equities in deciding whether to allow the claim to be asserted against the receivership estate. *See Waterman*, at 609.

The Court finds that Spartan meets the foregoing standard. Spartan's pre-bar pleadings and other filings in the California litigation and Spartan's first motion in this action to lift the receivership stay made a claim in writing of an unliquidated amount; contained a demand against the One Equity Companies that are now in receivership; signaled an intent to hold the receivership liable for the unliquidated claim amount; and were filed in this Court directly or by incorporation. Thus, the Court finds the proposed claim valid.

b. *Equities in Permitting Claim to be Asserted*

The next inquiry is whether it would be equitable to allow the informal proof of claim to be asserted against the receivership estate. The Court concludes that the equities favor allowing the claim.

Given Spartan's counterclaims and amended counterclaims in the California action and in its first motion in this Court to lift the receivership stay, filed on January 7, 2009, in which Spartan stated its intent to liquidate its claim in the California action while subjecting any favorable judgment to the receivership,[7] the Receiver has been on notice since long before the bar date that Spartan has an active claim that it intends to assert against the One Equity Companies receivership estate. In addition, issues such as off-set and recoupment can be

---

[7] Spartan has consistently maintained this position throughout its representations to this Court, repeating it most recently at the November 2, 2010 motions hearing.

9

decided in this action after judgment is rendered in the California case.[8] Finally, the procedural juncture of the proceedings in the California action and in this case weigh in favor of permitting Spartan to assert its claim against the receivership estate. At the November 2, 2010 hearing in this case, the parties represented to the Court that the pleading stage has terminated in the California action, which is now ripe for that court to schedule a trial date. In this action, the receivership estate is not yet ripe for the Receiver to propose a plan of distribution.[9] In view of these facts, the Court concludes that Spartan's claim against the receivership estate should be allowed to proceed. The Court recognizes that the trajectory of the California litigation may not align perfectly with the ripening of a plan of distribution for the receivership estate and simply notes that anything the California court can do in the interest of comity to expedite the action there will be appreciated.

## B. Spartan's Renewed Motion to Lift the Receivership Stay

The United States Court of Appeals for the Sixth Circuit has not articulated a test for determining whether a receivership stay should be lifted. The parties, however, agree that the factors set forth by the United States Court of Appeals for the Ninth Circuit in *SEC v. Wencke*, 622 F.2d 1363 (9th Cir. 1980) ("*Wencke I*") and *SEC v. Wencke*, 742 F.2d 1230 (9th Cir. 1984) ("*Wenke II*") (collectively "*Wencke*"), which has been subsequently adopted by many federal courts, appears to be the applicable standard. The *Wencke* test involves a three-pronged analysis:

> (1) [w]hether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim.

---

[8] As discussed below, the stay currently imposed on Spartan's claims against the One Equity receivership estate in the California action will be lifted in part for the California court to determine liability on Spartan's fraud-based claims and liquidation, if any, of those claim before any recoupment or set-off, which will be determined by this Court if Spartan prevails in the California action.

[9] The Court notes that should the receivership estate become ripe for the preparation of a distribution plan before the California action has reached completion, the Receiver has at his disposal various methods, such as partial distribution, by which he can hold the appropriate amount funds in an escrow account pending resolution of the California action.

10

*Wencke II*, 742 F.2d at 1231.

Regarding the first of these factors, the Court finds that the stay is not needed to preserve the status quo because the disputed funds have been frozen subject to a court order in the California action. Although the Receiver correctly observes that lifting the stay will require the Receiver to litigate additional claims in California, the Receiver is already litigating claims against Spartan in that forum, and the additional claims arise from the same set of underlying facts. The Court further finds that Spartan will suffer substantial prejudice if Spartan is simultaneously prevented from liquidating its claims against the One Equity Companies in the California court and required to defend itself against One Equity's claims there.

The second factor also weighs in Spartan's favor. When the Court denied Spartan's first motion to lift the receivership stay, the receivership was in its early stages. At that time, the Receiver needed additional time to identify receivership assets and to investigate and resolve relevant issues pertaining thereto. During the intervening months, the Receiver has done precisely that. Accordingly, the Receiver no longer contends that he needs additional time to understand the scope of the receivership.

Finally, the third factor supports Spartan's position. Under the third prong of the *Wencke* test, the party requesting a lift of stay is not required to show that it is likely to prevail on the merits. Rather, the inquiry is whether "the [moving] party has *colorable* claims to assert which justify lifting the receivership stay." *United States v. Acorn Tech. Fund, L.P.*, 429 F.3d 438, 443 (3d Cir. 2005) (citing *Wencke II*, 742 F.2d at 1232). Here, Spartan has asserted colorably meritorious claims in the California court, alleging that the One Equity Companies and others acquired publicly traded stock owned by Spartan as collateral for loans which the One Equity Companies knew were sham loans but which they offered as legitimate loans. Spartan additionally alleges that despite promises to return the stock shares upon repayment of the loan,

11

the One Equity Companies never intended to do so, but rather sold or intended to sell the stocks without paying for or intending to pay for the stocks. The California court has recently ruled that the fraud-based causes of action arising from Spartan's allegations survive the Receiver's and third parties' motions to dismiss. Although the Receiver vigorously disputes the legitimacy of Spartan's claim to the funds at issue in the California action, resolution of that dispute may proceed in the California forum insofar as the action there liquidates Spartan's claim. Accordingly, this Court concludes that Spartan has asserted colorably meritorious claims sufficient to tip the third *Wencke* factor in its favor.

Given the Court's determination that the three *Wencke* factors weigh in Spartan's favor, the Court concludes that a lift of the receivership stay as to Spartan's counterclaims in the California litigation is warranted. This outcome is further supported by the Sixth Circuit's decision in *Geig*, which observed that the United States Supreme Court has "distinguished between liquidating a claim, which does not interfere with the receivership court's authority, and distributing assets, which is the essence of the receivership court's authority." *Geig*, 59 F.3d at 170 (citing *Riehle v. Margolies*, 279 U.S. 218, 224 (1929)). This distinction means that " '[t]he establishment of the existence and amount of a claim against the debtor in no way disturbs the possession of the liquidation court, in no way affects title to the property, and does not necessarily involve a determination of what priority the claim should have.'" *Id.* (quoting *Morris v. Jones*, 329 U.S. 545, 549 (1947) and citing *Coit v. Independence Joint Venture v. F.S.L.C.*, 489 U.S. 561, 575 (1989)).

### III. Conclusion

For the reasons articulated above, Receiver Frederick L. Ransier's Motion to Exclude Motion of Court Appointed Receiver for Declaration that Spartan Marketing Limited is Barred from Pursuing Claims Against the Receivership Estates (D.E. 140) is **DENIED**; Interested Party Spartan Marketing Limited's Motion for Consideration of Prior Court Filings as Informal Proof

of Claim (D.E. 145) is **GRANTED**; and Interested Party Spartan Marketing Limited's Renewed Motion to Lift Receivership Stay as to Spartan Marketing Limited (D.E. 146) is **GRANTED IN PART**. It is ordered that the **STAY** with respect to Spartan's fraud-based claims in the California litigation be, and hereby is, **LIFTED IN PART**, consistent with this Order.

**IT IS SO ORDERED.**

11-23-2010
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**