UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Securities and Exchange Commission, | : |
| Plaintiff, | : Case No. 2:08-cv-667 |
| v. | : Judge Edmund A. Sargus, Jr. |
| One Equity Corporation, | : Magistrate Judge Mark R. Abel |
| Triangle Equities Group, Inc., | : |
| Victory Management Group, Inc., | : |
| Dafcan Finance, Inc., | : |
| Michael S. Spillan, | : |
| Melissa K. Spillan, | : |
| Defendants. | : |

## ORDER APPROVING RECEIVER'S APPLICATION FOR APPROVAL OF PROPOSED PLAN OF DISTRIBUTION

This matter came before the Court for hearing on May 22, 2012 at 10:00 a.m. upon the Receiver's Application for Approval of Proposed Plan of Distribution ("Plan") [Doc. No. 250] and the Response to Receiver's Application for Approval of Proposed Plan of Distribution [Doc. No. 258] filed by the Securities and Exchange Commission ("SEC") on May 8, 2012.

The Court hereby finds that the Receiver served the Plan upon all parties in interest on April 27, 2012. The Court further finds that the Receiver served the Scheduling Order [Doc. No. 254] upon all parties in interest on May 3, 2012. No objections were filed with this Court regarding the Plan.

The Court finds that the Receiver has reported appropriately concerning his actions taken to investigate, recover, and liquidate the assets of the Receivership Entities. Further, the Receiver has provided a detailed report of his disbursements and receipts as required in administering this matter. As a result of his actions, the Receiver, as of May 21, 2012, had $3,678,108.01 deposited in the Receivership bank accounts.

The Court finds that the Receiver currently has a balance due to be collected from Bradley Miller in the amount of $482.14. The Receiver has reported that he will continue to take action to collect the remaining balance from Mr. Miller.

The Court finds that the approved claims procedure in this case involved a three step process. First, the Receiver provided notice to interested parties who might have a claim against the Receivership Entities that he/she/it must submit a proof of claim form to the Receiver on or before March 10, 2010. The Notice of Bar Date to File Claim, together with the Fifth Report, Claims Order and Proof of Claim form, were mailed by the Receiver to interested parties on January 15, 2010. In response, the Receiver received a total of 108 timely claim forms from purported claimants, and one late filed claim.

Second, the claims procedure provided for a reconciliation process. After receiving purported claimants' Proof of Claim forms, the Receiver reconciled such claims, and any documents supporting the claims provided by the claimants, with the business records possessed by the Receiver. In a number of instances, the Receiver mailed follow up letters to claimants requesting additional documentation and/or further explanation of the claimant's claim. The reconciliation process presented a number of issues that, in the Receiver's view, could only be resolved through the third stage of the claims procedure, the objection stage.

On April 4, 2011, the Receiver filed his: (i) First Omnibus Objection to Claims (Stock Option Investment Claims, Employee Claims and Other Loan Claims); (ii) Second Omnibus Objection to Claims (Trade, Tax and Other Claims); and (iii) Third Omnibus Objection to Claims (Stock Based Loans) (collectively, the "Omnibus Objections to Claims"). On March 30, 2011, the Court entered an Order Approving Receiver's Application to Further Establish Procedure for Service, Objection(s) and Hearing(s) Related to Claims' Objection(s) (the "Further Claims Procedure Order") (these are collectively referred to as "Omnibus Objections"). As of

this date, orders have been entered addressing the Omnibus Objections and each claim filed within this receivership proceeding ("Claims' Orders"). The following is a chart of the claims made and the resulting allowed claims:

| No. | Name of Claimant | Amount of Claim | Claims for Shares | Omnibus Objection / Other Disposition | Claim Allowed / Not Allowed | Amount of Allowed Unsecured Claim | Amount of Subordinated Claim |
|---|---|---|---|---|---|---|---|
| 1 | Johnson, Roosevelt | $18,850.00 | | first | not allowed | | |
| 2 | Kiazen Consulting Inc. | $64,065.00 | | first | allowed | $15,000.00 | $56,035.00 |
| 3 | Porter, Wright, Morris & Arthur LLP | $68,885.35 | | second | allowed | $64,134.14 | |
| 4 | Encore | $ | | second | not allowed | | |
| 5 | Windsor One, LLC - Thomas N. Botts | $593,084.00 | | Motion to Compromise | Claim withdrawn per compromise | | |
| 6 | Imagining Arts, LLC dba New Image Business Cards | $298.63 | | second | allowed | $298.63 | |
| 7 | Kevin O'Brien for Columbus Check Cashers, Inc. | $1,731.08 | | second | not allowed | | |
| 8 | Kevin O'Brien for Columbus Check Cashers, Inc. | $583.02 | | second | not allowed | | |
| 9 | Lawrence Taylor | $3,145.00 | | first | not allowed | | |
| 10 | Lawrence Taylor | $3,423.00 | | first | not allowed | | |
| 11 | Richard Hunter, Jr. | $1,850.00 | | first | not allowed | | |
| 12 | Colt W. Byers | $888.00 | | first | not allowed | | |
| 13 | Tadd W. Byers | $20,400.00 | | first | not allowed | | |
| 14 | Tadd W. Byers | $31,450.00 | | first | not allowed | | |
| 15 | Tadd W. Byers | $3,400.00 | | first | not allowed | | |
| 16 | Tadd W. Byers | $3,400.00 | | first | not allowed | | |
| 17 | Tadd W. Byers | $1,461.00 | | first | not allowed | | |
| 18 | Coreen R. Byers | $11,900.00 | | first | not allowed | | |
| 19 | Coreen R. Byers | $1,000.00 | | first | not allowed | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 20 | Christine Hunter | $3,400.00 | | first | not allowed | | |
| 21 | Christine Hunter | $13,505.00 | | first | not allowed | | |
| 22 | Christine Hunter | $3,400.00 | | first | not allowed | | |
| 23 | Internal Revenue Service | | | Motion to Compromise | Claim paid per compromise | | |
| 24 | Ohio Dept. of Job & Family Svc. | | | Motion to Compromise | Claim paid per compromise | | |
| 25 | Ohio Dept. of Job & Family Svc. | | | Motion to Compromise | Claim paid per compromise | | |
| 26 | Square One Technology Solutions | $14,565.40 | | second | allowed | $14,565.40 | |
| 27 | Qwest Corporation | $700.26 | | second | allowed | $700.26 | |
| 28 | Ohio Bureau of Workers' Compensation | $648.01 | | Motion to Compromise | Claim paid per compromise | | |
| 29 | Ohio Bureau of Workers' Compensation | $1,025.47 | | Motion to Compromise | Claim paid per compromise | | |
| 30 | Ohio Bureau of Workers' Compensation | $1,941.97 | | Motion to Compromise | Claim paid per compromise | | |
| 31 | Columbus Check Cashiers, Inc. | $2,696.73 | | second | not allowed | | |
| 32 | Tagnolli, Steven T. | $476,039.38 | | third | not allowed | | |
| 33 | Leahy, Curtis F. | $1,050,000.00 | | third | allowed | $724,500.00 | |
| 34 | Kirkman, Paul | $8,542.50 | | first | allowed | $4,500.00 | $3,150.00 |
| 35 | Dorton, Charles F. | $20,658.40 | | first | not allowed | | |
| 36 | Kirkman, Paul | $20,658.40 | | first | not allowed | | |
| 37 | Owen, Alan J. | $230,000.00 | | third | not allowed | | |
| 38 | Johnson, Fred D. | $9,350.00 | | first | Claim 38 not allowed (lien to be released on vehicle) | | |
| 38 | Johnson, Fred D. | $1,471.26 | | first | Claim 38 not allowed (lien to be released on vehicle) | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 38 | Johnson, Fred D. | $2,916.55 | | first | Claim 38 not allowed (lien released on vehicle) | | |
| 39 | Byers, Todd D. | $30,405.00 | | first | Claim Nos. 39, 40, 41, 42 and 68 allowed | $56,000.00 | $228,505.00 |
| 40 | Byers, Todd D. | $255,000.00 | | first | See Claim No. 39 above | | |
| 41 | Byers, Todd D. | $5,100.00 | | first | See Claim No. 39 above | | |
| 42 | Byers, Todd D. | $10,000.00 | | first | See Claim No. 39 above | | |
| 43 | Amari, Carl | $3,344,905.00 | | third | Per Agreed Order, Amari Claim allowed | $2,969,071.78 | |
| 44 | Schwartz, Robert | $547,531.00 | | third | allowed | $367,670.48 | |
| 45 | Rambacher, Brittany | $650.00 | | first | not allowed | | |
| 46 | JPMorgan Chase Bank, N.A.*** | | | Motion to Compromise | Claim withdrawn per compromise | | |
| 47 | Finnegan, Lawrence L. | $1,680.00 | | first | Claim Nos. 47, 48, 49, 50, 51 and 74 allowed | $6,400.00 | |
| 48 | Finnegan, Lawrence L. | $3,108.00 | | first | See Claim No. 47 above | | |
| 49 | Finnegan, Lawrence L. | $8,250.00 | | first | See Claim No. 47 above | | |
| 50 | Finnegan, Lawrence L. | $21,013.00 | | first | See Claim No. 47 above | | |
| 51 | Finnegan, Lawrence L. | $1,700.00 | | first | See Claim No. 47 above | | |
| 52 | Baker, Emma J. (Deceased) | $16,500.00 | | first | Claim Nos. 52, 53 and 54 allowed | $20,000.00 | $36,775.00 |
| 53 | Baker, Emma J. (Deceased) | $39,755.00 | | first | See Claim No. 53 above | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 54 | Baker, Emma J. (Deceased) | $17,000.00 | | first | See Claim No. 53 above | | |
| 55 | Baker, Richard | $37,000.00 | | first | Claim Nos. 55, 56, 57, 58, 59 and 60 allowed | $77,400.00 | $111,750.00 |
| 56 | Baker, Richard | $49,550.00 | | first | See Claim No. 55 above | | |
| 57 | Baker, Richard | $49,500.00 | | first | See Claim No. 55 above | | |
| 58 | Baker, Richard | $96,200.00 | | first | See Claim No. 55 above | | |
| 59 | Baker, Richard | $27,750.00 | | first | See Claim No. 55 above | | |
| 60 | Baker, Richard | $16,150.00 | | first | See Claim No. 55 above | | |
| 61 | Hildebrand-Baker Frances | $7,400.00 | | first | Claim Nos. 61, 62, 63 and 64 allowed | $5,000.00 | $23,139.00 |
| 62 | Hildebrand-Baker Frances | $10,140.00 | | first | See Claim No. 61 above | | |
| 63 | Hildebrand-Baker Frances | $15,210.00 | | first | See Claim No. 61 above | | |
| 64 | Hildebrand-Baker Frances | $28,139.00 | | first | See Claim No. 61 above | | |
| 65 | Finnegan, Sean (Hildebrand-Baker Frances) | $1,450.00 | | first | Claim Nos. 65, 66 and 67 | $1,000.00 | $3,024.00 |
| 66 | Finnegan, Sean (Hildebrand-Baker Frances) | $2,175.00 | | first | See Claim No. 65 above | | |
| 67 | Finnegan, Sean (Hildebrand-Baker Frances) | $4,024.00 | | first | See Claim No. 65 above | | |
| 68 | Byers, Todd D. | $31,000.00 | | first | See Claim No. 39 above | | |
| 69 | Jarrell, Melissa M. | $1,921.35 | | first | allowed | $1,921.35 | |
| 70 | Finnegan-Cox, Heather | $92,500.00 | | first | allowed | $26,650.00 | $65,850.00 |
| 71 | Barnhart, Danny R. | $463,662.50 | | first | allowed | $32,586.40 | $431,076.10 |
| 72 | Sanfilippo, Annette | $303,882.46 | | third | allowed | $120,000.00 | |
| 73 | Bostic, Marcus | $1,538.00 | | first | not allowed | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 74 | Finnegan, Lawrence L. | $2,360.00 | | first | See Claim No. 47 above | | |
| 75 | JPMorgan Chase Bank, N.A. | $304,000.00 | | Motion to Compromise | Claim withdrawn per compromise | | |
| 76 | Dale, Michael D. | $125,596.44 | | third | allowed | $14,776.08 | |
| 77 | Berglund, Anders | | 175,000 | third | allowed | $1,750.00 | |
| 78 | McGuire & Schneider, LLP | $21,695.45 | | second | allowed | $21,695.45 | |
| 79 | Luck Great Investments Limited | | 1,000,000 | Motion to Compromise | Claim withdrawn per compromise | | |
| 80 | Elite Shine Group, Ltd. | | 5,000,000 | Motion to Compromise | Claim withdrawn per compromise | | |
| 81 | Brightest Power Holdings, Limited | | 1,600,000 | Motion to Compromise | Claim withdrawn per compromise | | |
| 82 | Ohio Department of Taxation | $58,657.91 | | Motion to Compromise | Claim paid per compromise | | |
| 83 | Hoff, Andrew, Assigned to Debt Acquisition LLC | $11,300,000.00 | | third | allowed | $4,168,023.07 | |
| 84 | Hiley, Eugene Walter & Hiley Sherry Sindel | | 35,000 | third | allowed | $14,950.00 | |
| 85 | Tucker, Alvin C. III | $1,092.00 | | first | allowed | $1,092.00 | |
| 86 | Robbins Enterprises, Inc. (REI) | $10,139,549.16 | | third | not allowed | | |
| 87 | Mottley, Charles | $525,000.00 | | third | allowed | $110,250.00 | |
| 88 | Internal Revenue Service | $343,039.22 | | Motion to Compromise | Claim paid per compromise | | |
| 89 | Bard, Wayne | $3,566.73 | | first | allowed | $1,066.23 | |
| 90 | Brannon, David L. | $15,000.00 | | first | allowed | $15,000.00 | |
| 91 | Stevens, Melissa | $1,670.00 | | first | not allowed | | |
| 92 | Long, Geoffrey A. | $191,888.57 | | Stipulated Order Withdrawing Claim | Claim withdrawn | | |
| 93 | Long, Geoffrey A. | $110,239.05 | | Stipulated Order Withdrawing Claim | Claim withdrawn | | |

|  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|
| 94 | Polofka, Connie | $150,000.00 |  | third | not allowed |  |  |
| 95 | Smith, Alan | $547,336.20 |  | third | allowed | $58,323.13 |  |
| 96 | Midwest Merger Management, LLC | $1,596,000.00 |  | third | not allowed |  |  |
| 97 | Greencrest Marketing, Inc. | $12,366.83 |  | second | allowed | $9,893.47 |  |
| 98 | Levingston, Ann M. | $1,164.00 |  | first | not allowed |  |  |
| 99 | Dille, Melanie | $1,580.00 |  | first | not allowed |  |  |
| 100 | Ira Bodenstein as Court appointed Receiver |  | Unknown | third | Per Agreed Order, See Claim No. 43 |  |  |
| 101 | Laney, Matthew S. | $47,500.00 |  | third | allowed | $18,615.88 |  |
| 102 | Fricke, Philip K. | $195,000.00 |  | third | not allowed |  |  |
| 103 | Edwards, Adam | $51,592.00 |  | third | allowed | $11,946.53 |  |
| 104 | Marwick Investments, Inc. | $4,125,000.00 |  | Motion to Compromise | Claim Nos. 104 and 105 allowed | $1,400,000.00 |  |
| 105 | Marwick Investments, Inc. | $4,125,000.00 |  | Motion to Compromise | See Claim No. 104 above |  |  |
| 106 | Maier, Robert E. | $46,000.00 |  | first | allowed | $46,000.00 |  |
| 107 | Smith, Helen | $324,859.00 |  | third | not allowed |  |  |
| 108 | Beavers, Alan | $1,960.00 |  | first | allowed | $1,960.00 |  |
| 109 | Tommy Brown Auto Sales | $20,655.00 |  | second | not allowed |  |  |
|  | **TOTAL** |  |  |  |  | $10,402,740.28 | $959,304.10 |

The Court finds that the Receiver has proposed a plan of distribution that provides and classifies claims as follows:

### 1. Administrative Claims

Administrative Claims include all claims relating to the preservation of the estate and compensation and reimbursement for professionals retained by and for the Receivership Entities. This Court has approved the fees and expenses through September 30, 2011 of the Receiver and his counsel in the total amount of $1,223,416.03. The Receiver filed a Receiver's Tenth Report

and Application seeking fees and expenses for the time period of October 1, 2011 through January 31, 2012, seeking fees and expenses in the amount of $37,136.02. An order is being entered by this Court approving those fees and expenses. The Receiver has reported that he expects to incur additional fees and expenses relating to the prosecution of this proposed Plan of Distribution and other receivership estate matters. The Receiver has estimated that those administrative fees and expenses will be $45,000.00. The Receiver shall continue to periodically file applications for approval of his and his professionals' fees and expenses.

The Receiver has reported that he is aware of only one other administrative claim, which is the claim of the landlord relating to the use of the headquarters of the Receivership Entities for the period of July 17, 2008 through September 30, 2008 (the "Landlord Administrative Claim"). The total amount of the Landlord Administrative Claim is $44,012.24.[1]

### 2. Tax Liability Claims

Tax liability claims include all tax claims asserted against the Receivership Entities. The Receiver received Proof of Claims against the Receivership Entities from the Internal Revenue Service ("IRS"), the Ohio Department of Taxation ("ODT"), Ohio Bureau of Workers' Compensation ("OBWC"), and Ohio Department of Job and Family Services ("ODJFS"). The IRS claims were resolved and paid to the IRS pursuant to the terms and conditions of the Order Authorizing and Approving Compromise entered on November 30, 2010. The total amount paid to the IRS was $368,352.89. Pursuant to the Order, this payment was made in full satisfaction of all claims of the IRS against the Receivership Entities. The ODT, OBWC and ODJFS claims were resolved and paid to the appropriate agency pursuant to the terms and conditions of the Order Approving Seventh Receiver's Report and Stipulated Order Approving Compromise with

---

[1] Landlord also had an unsecured claim relating to the use of the headquarters prior to the Receiver being appointed. That unsecured claim amount is $25,410.82 for unpaid rent and related expenses for the time period through July 16, 2008.

Certain Ohio Agencies [Doc. No. 189]. The total amounts paid to these agencies were as follows: ODT received $58,675.97; OBWC received $3,615.45; and ODJFS received $4,243.99. Pursuant to the orders, those payments were made in full satisfaction of all claims of ODT, OBWC and ODJFS against the Receivership Entities.

The Receiver is not aware of any other tax liability claims against the Receivership Entities.

### 3. Secured Claims

Secured claims are claims that involve liens against property of the receivership estates. A number of claimants asserted secured claims in their Proof of Claims. However, pursuant to the Claims' Orders, there are no allowed secured claims against the Receivership Entities.

### 4. Unsecured Claims

As stated above, Claims' Orders have been entered. The total amount of unsecured claims is $10,428,151.10. That includes the unsecured portion of the amount due to the landlord and the $10,402,740.28 of the allowed unsecured claims listed above.

### 5. Subordinated Claims

Pursuant to the Claims' Orders, the total amount of subordinated claims is $959,304.10.

The Court finds that the Receiver has proposed the following treatment of claims in each of the following classes:

### 1. Administrative Claims and Tax Liability Claims

The Receiver shall pay in full all Administrative Claims as such claims are allowed and/or approved by a final order. The Receiver shall pay the Landlord Administrative Claim on or within 30 days after an order approving this Plan of Distribution becomes a final order. The Tax Liability Claims already have been paid.

### 2. Secured Claims

As stated above, pursuant to the Claims' Orders, there are no allowed secured claims against the Receivership Entities.

### 3. Unsecured Claims

The Receiver has proposed to pay each claimant holding an allowed unsecured claim his/her/its *pro rata* share of funds available for distribution after payment in full of all allowed Administrative Claims, Tax Liability Claims and Secured Claims. The Receiver shall make an initial distribution to all claimants holding unsecured claims on or within 30 days after an order approving the Plan of Distribution becomes a final order. Based upon the Receiver's proposed schedule of distributions, the distribution is estimated to be 34% to Unsecured Claimants.

The Receiver shall maintain a reserve of funds sufficient to pay any and all costs and expenses necessary to fully administer this receivership estate. In deciding the total amount of the initial distribution being $3,400,000.00, the Receiver has reportedly set aside an amount that, in his discretion, will be sufficient to safely complete the administration of the receivership estates. Once the receivership estates have been fully administered, the Receiver shall file a final report that shall include a report and application seeking approval of a final distribution to claimants holding unsecured claims on a *pro rata* basis.

### 4. Subordinated Claims

The Receiver shall make a distribution to claimants holding Subordinated Claims only after claimants holding Administrative Claims, Tax Liability Claims, Secured Claims and Unsecured Claims are paid in full the allowed amount of such claims. The Receiver's proposed Plan of Distribution demonstrates there will not be a distribution to claimants holding Subordinated Claims.

The Court further finds that based upon his review of the Receivership Entities' records, the Receiver is not aware of any other specific interest, equitable or otherwise, of any claimant in the funds available for distribution.

The Court finds that all claimants holding allowed claims shall be treated equitably and the terms set forth in the Receiver's proposed Plan treats allowed claimants equitably. The Court further finds that there is due cause to approve the Plan.

Based upon the foregoing, the Court finds that the Receiver's Plan is hereby approved.

It is hereby ORDERED that the Plan as set forth above is approved and shall be implemented by the Receiver. Within thirty (30) days of this Order being entered, as a final order, Receiver shall distribute $3,400,000.00 to allowed Unsecured Claimants. Receiver shall hold the remaining balance subject to filing a final report and application being approved by this Court and final dissolution of the Receivership Entities. Receiver shall distribute the remaining balance once the final report and application is approved by this Court.

IT IS SO ORDERED.

Dated: 5-22-2012

Edmund A. Sargus, Jr.
United States District Judge