UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Securities and Exchange Commission, | : |
| Plaintiff, | : Case No. 2:08-cv-667 |
| v. | : Judge Edmund A. Sargus, Jr. |
| One Equity Corporation, | : Magistrate Judge Mark R. Abel |
| Triangle Equities Group, Inc., | : |
| Victory Management Group, Inc., | : |
| Dafcan Finance, Inc., | : |
| Michael S. Spillan, | : |
| Melissa K. Spillan, | : |
| Defendants. | : |

### ORDER APPROVING TENTH REPORT OF COURT APPOINTED RECEIVER AND APPLICATION FOR APPROVAL OF FEES AND COSTS FOR PERIOD OF OCTOBER 1, 2011 THROUGH JANUARY 31, 2012

This matter came before the Court upon the Tenth Report of Court Appointed Receiver and Application for Approval of Fees and Costs for Period of October 1, 2011 through January 31, 2012 ("Tenth Report") [Doc. No.249]. The Court finds that the Receiver served the Tenth Report upon the Master Service List and the claimants and interested parties on April 27, 2012.

The Court finds that on May 18, 2012, a letter was received and filed in this action from Michael Spillan objecting to the destruction of any of the business records of the receivership entities. No other responsive pleadings or objections have been filed.

The Court further finds that there is good cause to approve said Tenth Report, as set forth herein. In the Tenth Report, Receiver has provided the Court with a detailed report of his actions, negotiations, and status of the legal proceedings as of April 27, 2012.

The Court further finds that the Receiver has found that One Equity Ltd. had an account with Scottrade, Inc. and Victory Management Group, Inc. had an account with Scottrade, Inc.

These accounts have been noted as being frozen "with value", but currently do not have stocks and/or cash in them resulting in a liquidation value for the receivership estate.

The Receiver has applied to the Court to turnover these accounts to the Office of the United States Attorney for potential liquidation to be applied toward the restitution judgment entered in Case No. CR-2:10-230, as it will be more cost efficient to turnover these accounts than keeping the receivership open until they have a liquidation value. The Court finds that there is good cause for said accounts to be turned over and the Receiver shall do so.

The Court further finds that since the above criminal case has concluded, the Receiver has been contacted by the Federal Bureau of Investigation ("FBI") regarding return of records, and other assets that were seized on October 17, 2007 prior to the Receiver being appointed. The Receiver has reviewed the records and other assets seized and has determined that they have no liquidation value for the receivership estate. The FBI has a process available whereby it can destroy and handle the disposition of these records and other assets for the Receiver. Due to the economics involved, the Receiver has made application to the Court to allow the FBI to dispose of or destroy, any and all of the items seized from the receivership entities, including but not limited to, business records, electronic media, personal property items, business equipment, computer(s), computer stored or electronic stored materials, and other like items. In said disposition or destruction, the FBI shall follow appropriate procedures to make sure that private information such as social security numbers are protected from disclosure.

The Court further finds that the Receiver also has in his possession records and other assets that were in the offices of the receivership entities when the Receiver was appointed. The Receiver again has determined that these records have no liquidation value and need to be disposed of or destroyed. The Receiver has made application to the Court that he be permitted to

dispose of or destroy all business records, electronic media, personal property items, business equipment, computers, computer stored or electronic stored materials, and other like items in his possession. In said disposition or destruction, the Receiver will follow appropriate procedures to make sure that private identification information such as social security numbers are protected from disclosure.

The Court finds that Michael Spillan has submitted a letter and a Response objecting to the destruction of any of the business records of the receivership entities on the basis that he or other officers of the receivership entities may need said business records in defense of other actions that have yet to be filed.

The Court finds that there is good cause to approve the Receiver's application to dispose of or destroy said business records in his possession. The Court finds that there is good cause to approve the Receiver's application regarding the disposition or destruction by the FBI. The FBI indicated at the hearing that the records at issue are primarily records of the victims in the parallel criminal proceeding which is now concluded. The Court will not return to Mr. Spillan any such records, which include personal, confidential identifiers and other information used to commit criminal fraud. The FBI has indicated that it will produce any personal items, such as personal photos, seized from Spillan's businesses.

The Court further finds that the Receiver when closing down the business of the receivership entities and reviewing the business records seized by the FBI found certain motor vehicle records. From his review, the Receiver found that certain employees or related persons for the receivership entities were given loans and/or advances which were supposed to be repaid through wage deductions. As security for certain of these loans/advances, liens were granted to the receivership entity(ies) on certain motor vehicles of certain employees. In reviewing the

3

records, the Receiver found that the records related to the loans and/or advances were incomplete and in most cases failed to properly account for payments made by the employees. Further, the vehicles appear to have been used when the liens were recorded on the vehicles, and for the most part, the vehicles, if liquidated, by the Receiver would have minimal value to the receivership estate. The Receiver has reported that it would not be economical to pursue and liquidate the vehicles upon which such a lien was recorded and made application to this Court to abandon the lien interest of the receivership entities in these used vehicles. The Court finds that there is good cause to approve the Receiver's application regarding the abandonment of the lien interest(s) in said used vehicles.

The Court further finds that counsel for Andrew Hoff, an allowed unsecured claimant, notified the Receiver that for good and valuable consideration, Mr. Hoff has assigned, sold, transferred, and conveyed his claim to Debt Acquisition LLC, a Wisconsin limited liability company. The Receiver has applied to the Court for approval of said assignment and that any distribution for Mr. Hoff's allowed claim be paid to Debt Acquisition LLC. The Court finds that said assignment shall be approved.

The Court further finds that as of April 9, 2012, the Receiver had $3,676,361.87 deposited in receivership estate accounts established for this case.

The Court further finds that the Receiver has provided a detailed summary of his time, fees, and expenses as stated in the Tenth Report. The Receiver and his counsel dedicated at least 122.65 hours to this receivership matter during the period of October 1, 2011 through January 31, 2012. The Receiver and his counsel have expended this time and effort to review, investigate, and liquidate assets of the receivership entities. The Court finds that the $37,136.02

4

amount of fees and expenses for the time period of October 1, 2011 through January 31, 2012 that has been applied for by the Receiver shall be approved.

Therefore, it is hereby ORDERED as follows:

1. The Receiver's Tenth Report is hereby approved and granted by this Court.

2. The Receiver shall turnover the One Equity Ltd. account and Victory Management Group, Inc. account held with Scottrade to the Office of the United States Attorney for potential liquidation if the value increases to be applied toward the restitution judgment entered in Case No. CR-2:10-230. The Receiver shall provide the Office of the United States Attorney copies of the account statements and cooperate with that office regarding said turnover and execution of documents required by Scottrade.

3. The FBI shall implement as set forth above its process to dispose of or destroy, any and all items seized from the receivership entities, including but not limited to, business records, electronic media, personal property items, business equipment, computer(s), computer stored or electronic stored materials, and other like items. In said disposition or destruction, the FBI shall follow appropriate procedures to ensure that private information such as social security numbers are protected from disclosure.

4. The Receiver shall dispose of or destroy all such items as set forth above in his possession. In said disposition or destruction, Receiver shall follow appropriate procedures to ensure that private information such as social security numbers are protected from disclosure.

5. The security interests given to the receivership entities on certain motor vehicles for loans and advances given to employees or related persons are abandoned and

released. This Order may be provided to appropriate motor vehicle agencies for recordation by the vehicle owner(s).

6. The assignment of the allowed claim of Andrew Hoff to Debt Acquisition LLC is hereby approved and any distribution for said allowed claim shall be paid to Debt Acquisition, LLC.

7. The Receiver is hereby authorized to make disbursement of fees and expenses approved for the time period of October 1, 2011 through January 31, 2012, in the total amount of $37,136.02. Said disbursement shall occur out of the funds collected and held by the Receiver.

IT IS SO ORDERED.

Date: 5-24-2012

Edmund A. Sargus, Jr.
United States District Judge